IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Jasmine Robertson
*Plaintiff*

vs

TrueAccord Corp.
January Technologies, Inc.

*Defendant(s)*

§
§ Case Number: 4:25-cv-02816
§
§
§
§
§ **DEMAND FOR JURY TRIAL**

## AMENDED COMPLAINT

Plaintiff Jasmine Robertson ("Plaintiff") brings this action against TrueAccord Corp. and January Technologies, Inc. ("collectively" "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred here and Defendants regularly conduct business in this District.

## PARTIES

3. Plaintiff is a natural person residing in Texas.

1

4. Defendant TrueAccord Corp. is a Foreign For-Profit Corporation authorized to do business in the State of Texas and may be served with process by serving its registered agent at the address:

> INCORP SERVICES, INC.
> 815 BRAZOS ST STE 500
> AUSTIN, TX 78701

5. Defendant January Technologies, Inc. is a foreign business corporation authorized to do business in the State of Texas and may be served with process be served with process by serving its registered agent at the address:

> NATIONAL REGISTERED AGENTS, INC.
> 28 LIBERTY ST.,
> NEW YORK, NY, 10005

## STANDING

6. Plaintiff has suffered an injury in fact that is traceable to the Defendants conduct and is likely to be redressed by a favorable decision in this matter.

7. In *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686 (5th Cir. 2021), the Court held that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. That is a concrete injury in fact under Article III." Id. at 690. This holding directly supports Plaintiff's standing, even in cases involving a single unsolicited text message. Also see *Peter v. GC Servs. L.P.*, 310 F.3d 344, 348 (5th Cir.2002). A debt collector may violate Section 1692g if other language in its communication with consumers "overshadow[s]" or is "inconsistent with" the statutorily-mandated notice. 15 U.S.C. § 1692g(b).

8. This injury is concrete, particularized, and actual, satisfying the requirements of Article III as articulated in *Spokeo, Inc. v. Robins,* 578 U.S. 330 (2016), and reaffirmed in *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190 (2021).

## FACTUAL ALLEGATIONS

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes.

11. The alleged debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Due to financial circumstances, Plaintiff could not pay the alleged debt, and the alleged debt was sold or transferred to Defendants.

   **a. TrueAccord Corp**

13. Defendant TrueAccord Corp is a "debt collector" as defined by 15 U.S.C. § 1692a(6), regularly engaged in collecting consumer debts using the mail and telephone.

14. Defendant TrueAccord Corp has on file a $10,000 surety bond with Platte River Insurance Company, Bond No. 41335481, as required under Texas Finance Code § 392.101.

15. **On or about May 9, 2025, Defendant sent Plaintiff a text message from the short code 58469.**

16. However, Defendant TrueAccord Corp failed to include the disclosures required by 15 U.S.C. § 1692g(a), including the notice of the consumer's right to dispute the debt and to request verification within thirty days.

3

17. Upon information and belief, the May 9, 2025 text message from TrueAccord Corp constituted initial communication regarding the alleged debt.

18. Defendant TrueAccord Corp sent Plaintiff a series of text messages concerning the alleged debt on May 9, May 13, May 17, May 20, May 24, May 28, June 1, June 5, June 8, and June 12 2025 to Plaintiffs phone number ending in 1716.

19. The messages constituted a "communication" as defined by 15 U.S.C. § 1692a(2), in that it conveyed information regarding a debt directly or indirectly to the Plaintiff.

20. Defendant TrueAccord Corp sent Plaintiff at least eleven text messages.

21. These text messages, sent on May 24 and June 8, 2025, urged immediate payment by providing direct payment links and phrases such as *"Start a plan with payments of $56.19"* and *"Pay $279.82 and resolve your outstanding balance."* This language created the impression that immediate action was required, thereby overshadowing the consumer's statutory right to dispute the debt within 30 days under 15 U.S.C. § 1692g(a)–(b).

22. Plaintiff has not received anything in the mail regarding the subject debt from Defendant TrueAccord Corp.

23. TrueAccord admits it only sent emails. But under 12 C.F.R. § 1006.42(b) and 15 U.S.C. § 7001(c), FDCPA notices sent by email require my written E-SIGN consent. I never gave that. So any email from TrueAccord fails to meet § 1692g.[1]

---

[1] See 12 C.F.R. § 1006.42(b) ("A debt collector who sends a disclosure electronically must do so in accordance with the consumer's consent and applicable law relating to electronic disclosures, such as the E-SIGN Act."); 15 U.S.C. § 7001(c) (E-SIGN Act requiring affirmative consent before electronic records can satisfy legal notice requirements).

### b. January Technologies, Inc.

24. Defendant January Technologies, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6), regularly engaged in collecting consumer debts using the mail and telephone.

25. Defendant January Technologies, Inc. has on file with the Secretary of State a current bond issued by Hartford Casualty Insurance Company, Bond No. 57BSBHW8733 as required under Texas Finance Code § 392.101.

26. On or about May 24, 2025, Defendant January Technologies, Inc sent Plaintiff a text message from the short code 71027.

27. However, Defendant January Technologies, Inc failed to include the disclosures required by 15 U.S.C. § 1692g(a), including the notice of the consumer's right to dispute the debt and to request verification within thirty days.

28. Upon information and belief, the May 24, 2025 text message constituted Defendant January Technologies, Inc initial communication regarding the alleged debt.

29. Defendant sent Plaintiff a series of text messages concerning the alleged debt on May 24, May 28, June 1, June 5, June 9, and June 16, 2025 to Plaintiffs phone number ending in 1716.

30. The messages constituted a "communication" as defined by 15 U.S.C. § 1692a(2), in that it conveyed information regarding a debt directly or indirectly to the Plaintiff.

31. Defendant January Technologies, Inc. sent Plaintiff at least six text messages.

32. On or about May 24, May 28, and June 1, 2025, Defendant January Technologies, Inc. sent text messages to Plaintiff identifying itself as a debt collector and urging

payment on an alleged Nuovo Artistic Studios debt. The messages included payment links and language like "***You may be able to negotiate lower payments***," and "***we offer payment plans to pay off your Nuovo Artistic Studios***" creating the false impression that immediate action was required. This overshadowed Plaintiff's right to dispute the debt within 30 days, in violation of 15 U.S.C. § 1692g(a)–(b).

33. Plaintiff has not received anything in the mail regarding the subject debt from Defendant January Technologies, Inc.

## DAMAGES

34. The denial of this information by Defendants placed Plaintiff at a legal disadvantage. Without knowledge of her rights under § 1692g(a), Plaintiff was unable to make informed decisions about whether or how to respond to the debt collection effort.

35. Plaintiff was denied critical information about her legal rights, impairing her ability to make informed decisions about the alleged debt.

36. Plaintiff has suffered emotional distress, including anxiety, frustration, and mental anguish, as a direct result of Defendants' unlawful, deceptive, and repeated collection efforts.

## COUNT I.
## <u>VIOLATIONS OF THE FDCPA 15 U.S.C. §1692e</u>

37. Plaintiff incorporates all facts as alleged in the foregoing paragraphs.

38. **15 U.S.C. §1692e(2)(A)(10) of the FDCPA provides as follows:**

   **FALSE OR MISLEADING REPRESENTATIONS**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—**
 **(A) the character, amount, or legal status of any debt;**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

39. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely implying that the alleged debt was legally due and enforceable before providing the required validation notice. This created a misleading impression of the debt's legal status.

40. Defendants violated 15 U.S.C. § 1692e(10) by using deceptive means to collect a debt, including sending repeated payment demands without disclosing Plaintiff's right to dispute the debt or request validation.

41. These omissions misled Plaintiff into believing she had no right to challenge the debt and pressured her to pay without full knowledge of her legal options.

## COUNT II

### VIOLATIONS OF THE FDCPA- 15 U.S.C. §1692d

42. Plaintiff adopts and incorporates paragraphs above as if fully stated herein.

43. 15 U.S.C. §1692d of the FDCPA provides as follows:

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.**

44. Defendants violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff.

45. Defendants violated §1692d(5) of the FDCPA By sending multiple text messages Defendants conduct was excessive and harassing in nature, particularly where Plaintiff had not consented to such repeated contact and had not received proper validation of the debt.

## COUNT III

## VIOLATIONS OF THE FDCPA- 15 U.S.C. §1692g

46. Plaintiff adopts and incorporates paragraphs above as if fully stated herein.

47. **15 U.S.C. §1692g of the FDCPA provides as follows:**

    a) **NOTICE OF DEBT; CONTENTS**

    **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

    **(1) the amount of the debt;**
    **(2) the name of the creditor to whom the debt is owed;**
    **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
    **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
    **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

48. Defendants violated 15 U.S.C. §1692g(a)-(b) of the FDCPA by failing to send the required written notice outlining Plaintiff's rights under the FDCPA within five days after initial communication with Plaintiff. As of the drafting of the complaint, Plaintiff has not received any written correspondence from Defendant regarding the subject debt, let alone any within five days of Defendant's initial communication with Plaintiff.

## COUNT IV
## **VIOLATION OF THE TCPA (47 U.S.C. § 227)**

49. Plaintiff adopts and incorporates the preceding paragraphs as if fully set forth herein.

50. **47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA provides as follows:**

    **(b) Restrictions on use of automated telephone equipment**

    **(1) Prohibitions**

    **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—**

    **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—**

    > **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;**

51. Defendants violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by sending unsolicited text messages to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") with the capacity to store or produce numbers using a random or sequential

9

number generator. On information and belief, Defendants' system sent messages in mass from a short code, without human intervention, consistent with ATDS use.

52. Specifically, on May 24, 2025, and June 8, 2025, Defendant transmitted text messages to Plaintiff stating: *"This is TrueAccord, a debt collector. Start a plan with payments of $56.19 on this account: https://sm.true.ac/y4p04rc,"* and *"This is TrueAccord, a debt collector. Pay $279.82 and resolve your outstanding balance over time: htttps://sm.true.ac/dtnin32."*

53. Specifically, on May 24, May 28, and June 1, 2025, Defendant January Technologies, Inc. transmitted text messages to Plaintiff stating: *"January is a debt collector. We offer payment plans to pay off your Nuovo Artistic Studios (Houston) – In-Store purchase balance,"* *"You may be able to negotiate lower payments on your Nuovo Artistic Studios (Houston) – In-Store purchase balance,"* and *"We've partnered with Affirm, Inc. to resolve your Nuovo Artistic Studios (Houston) – In-Store purchase balance. Log into our secure website for details."*

54. These messages were directed to Plaintiff's cellular phone via SMS, employed link-based payment prompts, and were sent without any prior express consent from Plaintiff. As such, each message constitutes a separate violation of 47 U.S.C. § 227(b)(1)(A)(iii).

55. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff seeks statutory damages of $500 for each violation, trebled to $1,500 for each willful or knowing violation, as well as injunctive relief to bar Defendant from sending further unsolicited text messages to Plaintiff's phone number.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, and award the following relief:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for emotional distress, frustration, and other harm caused by Defendants' conduct;

b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000 against each Defendant;

c. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500 for each violation of the Telephone Consumer Protection Act (TCPA), and $1,500 for each willful or knowing violation;

d. Costs of litigation, including filing fees and service expenses, pursuant to 15 U.S.C. § 1692k(a)(3);

e. Prejudgment and postjudgment interest as permitted by law;

f. Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/Jasmine Robertson
**Jasmine Robertson Plaintiff** *pro se*
3400 Louetta RD. Apt 436
Spring, TX 77388
Jasmine.robertson11@yahoo.com
(832) 898-1716

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served upon the registered agents of record in accordance with the Federal Rules of Civil Procedure on July 5, 2025 via first class mail.

TrueAccord Corp
c/o Incorp Services, Inc.
815 Brazos St., Suite 500
Austin, TX 78701


January Technologies, Inc.
c/o National Registered Agents, Inc.
28 Liberty St.
New York, NY 10005


/s/Jasmine Robertson
**Jasmine Robertson Plaintiff** *pro se*

Jasmine Robertson
3400 Louetta RD #436
Spring, TX 77388

Retail

RDC 99

United States Courts
Southern District of Texas
FILED
JUL 11 2025
Nathan Ochsner, Clerk of Court

District Clerk
P.O. Box 61010
Houston TX 77208