Case 4:25-cv-02816   Document 11   Filed on 07/28/25 in TXSD   Page 1 of 9

United States Courts
Southern District of Texas
FILED

JUL 28 2025

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Jasmine Robertson<br>*Plaintiff*<br><br>vs<br><br>TrueAccord Corp.<br>January Technologies, Inc.<br><br>*Defendant(s)* | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case Number: 4:25-cv-02816 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT JANUARY TECHNOLOGIES, INC.'S RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff Jasmine Robertson ("Plaintiff") files this Opposition to Defendant January Technologies, Inc.'s ("Defendant" or "January") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), and in support respectfully shows the Court as follows:

**I.         INTRODUCTION**

Plaintiff's Amended Complaint pleads specific and plausible FDCPA and TCPA violations, including dates, content, and method of unlawful communications, as well as omitted disclosures. Defendant ignores these well-pleaded facts and improperly demands a heightened standard. At this stage, Plaintiff need only allege enough facts to support a reasonable inference of liability which Plaintiff has done.

**II.        BACKGROUND**

Plaintiff filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against January Technologies and TrueAccord Corp. (Dkt # 1). Plaintiff later filed

an Amended Complaint on July 11, 2025, clarifying and expanding upon her factual allegations and legal claims. (Dkt # 4). Plaintiff alleges that January Technologies engaged in unlawful debt collection activity by sending unsolicited text messages using an autodialer, failing to make required disclosures, and falsely representing the character of the alleged debt in violation of the FDCPA and TCPA.

On July 15, 2025, January Technologies was served with the Amended Complaint. (Dkt # 6). On July 25, 2025, January filed a Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6). (Dkt #9). Plaintiff now opposes that motion.

### III.        STANDARD FOR DISMISSAL

"To survive a Rule 12 (b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief—including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." *Parsons v. Deutsche Bank National Trust Company*, No. 3:18-CV-02146-C-BN, 2019 WL 4455550, at *2 (N.D. Tex. Aug. 19, 2019) (footnote and internal quotation marks omitted). "But, 'to survive a motion to dismiss' under *Twombly* and *Iqbal*, a plaintiff need only 'plead facts sufficient to show' that the claims asserted have 'substantive plausibility' by stating 'simply, concisely, and directly events' that Plaintiff contends entitle him or her to relief." *Longmire v. Wells Fargo Bank, N.A.*, No. 3:16-CV-2755-G-BN, 2017 WL 1315573, at *4 (N.D. Tex. Mar. 29, 2017).

"At the motion to dismiss stage, it is inappropriate for a district court to weigh the strength of the allegations." *Petteway v. Galveston Cnty.*, No. 3:22-CV-00057, 2023 WL 143171, at *3 (S.D. Tex. Jan. 10, 2023) (citing *Shah v. VHS San Antonio Partners, LLC*, 985 F.3d 450, 452 (5th Cir. 2021)). "The following facts are taken from Plaintiff's First Amended Complaint, which the Court must take as true for purposes of this motion before it." *Giramur v. Wormuth*, No. SA-22-CV-01140-XR, 2023 WL 2663258, at *1 (W.D. Tex. Mar. 28, 2023). "Motions to dismiss under Rule 12(b)(6) are viewed with

disfavor and are rarely granted." *Tempur-Pedic Int'l, Inc. v. Angel Beds, LLC*, 902 F. Supp. 2d 958, 962 (S.D. Tex. 2012). "Fairly generic allegations as to the nature of the breach can satisfy the pleading requirements under Rule 8(a)." *Sattler v. Marcus & Millichap Capital Corp.*, No. 3:23-CV-02169-E-BK, 2024 WL 1451584, at *3 (N.D. Tex. Apr. 3, 2024). Also see *Erickson v. Pardus,* 551 U.S. 89, 93-94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (finding a *pro se* litigant satisfies Rule 8(a) where he provides a "short and plain statement *368 of the claim showing that the pleader is entitled to relief");

## IV.     ARGUMENT

### Plaintiff Has Pleaded Sufficient Facts to State a Claim

Defendant's argument that Plaintiff merely recites statutory elements without factual support misrepresents the contents of the Amended Complaint. Plaintiff alleges that she is a "consumer" as defined by 15 U.S.C. § 1692a(3) (¶ 9), and that she incurred an alleged debt "for goods and services used for personal, family or household purposes" (¶ 10). These allegations establish that the obligation in question qualifies as a "debt" under 15 U.S.C. § 1692a(5) (¶ 11). Defendant's suggestion that these are bare legal conclusions ignores that Plaintiff has specified the non-business nature of the debt and the underlying context, including the named creditor, Nuovo Artistic Studios (¶ 32). Plaintiff further alleges that the debt was transferred to Defendant for collection purposes (¶ 12), and that January is "regularly engaged in collecting consumer debts using the mail and telephone" (¶ 24), and maintains a debt collector bond with the Texas Secretary of State (¶ 25). Notably, Plaintiff alleges that Defendant sent her at least six text messages (¶ 31), and in at least three of those messages on May 24, May 28, and June 1, 2025 Defendant explicitly identified itself as a debt collector and sought payment on the Nuovo Artistic Studios account (¶ 32). These messages included payment links and language like "You may be able to negotiate lower payments" and "we offer payment plans," creating the false impression that immediate action was required. This, in turn, overshadowed Plaintiff's right to dispute the debt within 30 days and further supports a violation of 15

U.S.C. § 1692g(a)–(b). Plaintiff also alleges that Defendant failed to mail any written validation notice (¶ 33), despite initiating communication by text (¶¶ 26–28). Taken together, these allegations provide a detailed, plausible factual foundation under the FDCPA. Plaintiff is not relying on legal conclusions, but instead provides real-world facts that allow the Court to reasonably infer liability. Defendant's motion should be denied.

Defendant cites *Eustice v. Wholesale Coins Direct, LLC*, No. SA-21-CV-01155-JKP, 2022 WL 14915151, at *2 (S.D. Tex. Oct. 25, 2022), in support of dismissal, but the case actually illustrates why Plaintiff's FDCPA claims are properly pled and should proceed. In *Eustice*, the court dismissed the FDCPA claim specifically because the plaintiff failed to allege that the defendant was a debt collector or that the alleged calls pertained to debt collection. Id. at *3 ("Eustice has not alleged facts showing that Wholesale is a debt collector or that its alleged calls pertain to debt collection."). That is not the case here.

As already alleged in detail, Plaintiff has provided factual support for each element required to state a claim under the FDCPA. These allegations directly satisfy the three-part test articulated in *Eustice v. Wholesale Coins Direct, LLC*, No. H-21-3256, 2022 WL 333481, at *2 (S.D. Tex. Jan. 4, 2022), and *Stewart v. Alonzo*, No. B-07-064, 2009 WL 174938, at *2 (S.D. Tex. Jan. 26, 2009): (1) that Plaintiff was the object of collection activity on a consumer debt; (2) that Defendant qualifies as a "debt collector" under the FDCPA; and (3) that Defendant engaged in conduct prohibited by the statute. Plaintiff alleges specific conduct that meets each of these elements, including the nature of the debt, Defendant's role and registration as a third-party debt collector, the content and timing of multiple text messages referencing the debt, and the omission of statutorily required disclosures under 15 U.S.C. § 1692g. Because the Amended Complaint provides sufficient factual matter to make each element plausible under *Twombly* and *Iqbal*, Defendant's motion to dismiss should be denied.

Defendant also relies on *Black v. De La Torre*, No. H-20-1604, 2021 WL 2019202 (S.D. Tex. May 20, 2021), but that case is inapposite. There, the court dismissed the FDCPA

claim because the plaintiff failed to plead any facts supporting the existence of a consumer debt, the defendant's status as a debt collector, or any actionable conduct under the statute. See *id.* at *4–5. In stark contrast, Plaintiff here has pled detailed facts establishing each of the required elements, including the consumer nature of the debt, Defendant's role in collecting that debt, and multiple specific acts that violate the FDCPA's statutory provisions. The factual deficiencies that doomed the complaint in *Black* are not present here. Plaintiff's Amended Complaint alleges more than enough to satisfy Rule 8, and dismissal on this basis is unwarranted.

In *Woodall v. Williams, Rush & Assocs., LLC*, the plaintiff contended that his loan was "for room, board, education, and travel purposes," and that "[l]oans made for the purpose of student education are considered consumer debts under the FDCPA." See Pl.'s Br. at 5. The defendant attempted to argue that the tuition contract was for a business or commercial purpose (commercial driver's license training), but the court rejected that framing. Instead, it focused on the actual use of the funds, noting that the loan was applied to "living, physical, and drug screening expenses," and therefore squarely within the FDCPA's consumer debt definition. *Woodall*, 2020 WL 2839286, at *5. Plaintiff's allegations here are more straightforward. Unlike in *Woodall*, where the commercial purpose label created some initial ambiguity, the debt at issue in this case is alleged to have arisen from goods and services used for personal, family, or household purposes. Am. Compl. ¶10. Defendants cite *Woodall* to demand more, yet the actual holding of that case supports Plaintiff's position: courts evaluate the nature of the obligation, not just labels or conclusory characterizations. Because Plaintiff has affirmatively alleged a consumer debt and Defendants offer no contrary factual evidence dismissal under Rule 12(b)(6) is not warranted.

## Plaintiff Has Sufficiently Alleged the Use of an Automatic Telephone Dialing System (ATDS) Under the TCPA

Section 227(b) of the TCPA makes it unlawful to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to a... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). As courts in this Circuit have made clear, a violation of this section occurs when: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system [or an artificial or prerecorded voice]; (3) without the recipient's prior express consent." *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:16-CV-00593-M, 2017 WL 10486988, at *2 (N.D. Tex. Nov. 2, 2017) (quoting *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)). The U.S. Supreme Court has further clarified that "[a] text message to a cellular telephone... qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016). These principles squarely apply here. Plaintiff has alleged that Defendants sent at least six unsolicited text messages to her cell phone using an ATDS without her prior express consent, satisfying each required element for pleading a violation of § 227(b).

Defendant argues that "[c]ourts have consistently held that, to survive a motion to dismiss, a pleading 'must provide at least enough facts to make a plausible inference that [defendant] used an ATDS.'" *Miles v. LawnStarter, Inc.*, 2020 U.S. Dist. LEXIS 256110, at *8 (W.D. Tex. Dec. 1, 2020), citing *Twombly*, 550 U.S. at 570. Defendant further relies on cases such as *DeMesa v. Treasure Isl., LLC*, 2022 U.S. Dist. LEXIS 98511, at *5 (D. Nev. June 1, 2022) (holding that "to state a claim under the autodialer provision of the TCPA, a plaintiff must allege that the random- or sequential-number generator generated the phone numbers that the autodialer called or stored to be called later"), and *Watts v. Emerg. Twenty Four Inc.*, 2021 U.S. Dist. LEXIS 115053, at *8 (N.D. Ill. June 21, 2021) (dismissing complaint that failed to "allege that [defendant's] system uses a random or

sequential number generator"). However, Plaintiff's allegations in ¶51 of the First Amended Complaint satisfy that exact pleading burden. Plaintiff specifically alleges:

> *"Defendants violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by sending unsolicited text messages to Plaintiff's cell phone using an automatic telephone dialing system ('ATDS') with the capacity to store or produce numbers using a random or sequential number generator. On information and belief, Defendants' system sent messages in mass from a short code, without human intervention, consistent with ATDS use."*

Defendant's challenge to Plaintiff's TCPA claim under 47 U.S.C. § 227(b)(1)(A)(iii) fails because it disregards both the governing legal standard post-*Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), and the specific factual allegations in the Amended Complaint. In *Duguid*, the Supreme Court held that an automatic telephone dialing system (ATDS) must have the capacity either "to store a telephone number using a random or sequential number generator" or "to produce a telephone number using a random or sequential number generator." *Id.* at 1167. Contrary to Defendant's suggestion, courts interpreting *Duguid* have consistently held that plaintiffs are not required to allege the inner workings of the dialing equipment at the pleading stage, particularly where such details are exclusively within the control of the defendant. See, e.g., *Atkinson v. Pro Custom Solar LLC*, No. SA-21-CV-178-XR, 2022 WL 4071998, at *6 (W.D. Tex. Sept. 1, 2022); *Miles v. LawnStarter, Inc.*, No. 1:20-CV-00510, 2020 WL 6803256, at *3 (W.D. Tex. Dec. 1, 2020). Here, Plaintiff's allegations in ¶ 51 of the Amended Complaint go beyond boilerplate legal conclusions. Plaintiff specifically alleges that Defendants sent unsolicited text messages using an ATDS "with the capacity to store or produce numbers using a random or sequential number generator." While Defendant argues that Plaintiff's ATDS allegations are insufficient, courts including those in this Circuit have recognized that plaintiffs face a significant disadvantage at the pleading stage, particularly when the dialing technology used is uniquely within the possession of the defendant. Chief Judge Barbara Lynn has held that "[s]imply alleging the use of an ATDS, without more, is

insufficient to sustain a TCPA claim." *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:16-CV-00593-M, 2017 WL 10486988, at *3 (N.D. Tex. Nov. 2, 2017). However, she also acknowledged that "courts have noted the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery," and thus plaintiffs may rely on circumstantial or indirect indicators to meet their burden. *Id.* (quoting *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129–30 (W.D. Wash. 2012)). Numerous courts have since adopted that approach, allowing plaintiffs to plead the use of an ATDS based on contextual factors such as generic message content, use of SMS short codes, lack of human intervention, and identical messages sent in mass to consumers. See *Jones v. FMA All. Ltd.*, 978 F. Supp. 2d 84, 87 (D. Mass. 2013); *Schley v. One Planet Ops Inc.*, 445 F. Supp. 3d 454, 459–60 (N.D. Cal. 2020); *Gragg v. Orange Cab Co.*, 942 F. Supp. 2d 1111, 1114 (W.D. Wash. 2013). Here, Plaintiff has alleged precisely those indicators unsolicited text messages sent from a dedicated short code, lacking personalization, sent in bulk without human interaction all of which plausibly support the inference that an ATDS with a random or sequential number generator was used. That is all Rule 8 requires at this stage.

Accordingly, Plaintiff's TCPA claim is not only sufficiently pled it is directly tailored to the post-*Duguid* framework and well-supported by factual allegations. The motion to dismiss should be denied.

### V.  CONCLUSION

Defendant's motion misrepresents both the pleading standard and the well-pleaded facts in Plaintiff's Amended Complaint. Plaintiff alleges specific and plausible violations of the FDCPA and TCPA, supported by factual detail that more than satisfies Rule 8. Defendant offers a selective and inaccurate reading of the record while attempting to impose a heightened pleading standard that does not apply. Plaintiff is not required to prove her case at this stage only to allege enough facts to plausibly infer liability. Accordingly, Defendant's motion should be denied in its entirety. In the alternative,

should the Court find any portion of the Complaint deficient, Plaintiff respectfully requests leave to amend under Rule 15(a)(2).

Respectfully Submitted,

/s/Jasmine Robertson
Jasmine Robertson Plaintiff *pro se*
3400 Louetta RD. Apt 436
Spring, TX 77388
Jasmine.robertson11@yahoo.com
(832) 898-1716

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served upon the registered agents of record in accordance with the Federal Rules of Civil Procedure on July 28, 2025 via first class mail & email.

Francesca A. Di Troia
TX Bar No. 24097596
SDTX Bar No. 3278381
fditroia@bn-lawyers.com
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 649-4079
Fax: (512) 279-0310

ATTORNEY FOR DEFENDANT
JANUARY TECHNOLOGIES, INC.

/s/Jasmine Robertson
Jasmine Robertson Plaintiff *pro se*