UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Jasmine Robertson, § | | |
|    Plaintiff, § | | |
| § | | |
| vs. § | | Case No: 4:25-cv-2816 |
| § | | |
| TrueAccord Corp. § | | |
| and January Technologies, Inc. § | | |

**DEFENDANT TRUEACCORD CORP.'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant TrueAccord Corp. ("Defendant"), and files this Reply In Support of its Motion To Dismiss Pursuant to Rule 12(b)(6) as follows:

## INTRODUCTION

1. Plaintiff filed suit on June 17, 2025, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). Doc. 1. Plaintiff alleges these violations arise out of text messages received by Plaintiff. *Id.* Defendant filed a Motion to Dismiss on July 24, 2025. Doc. 8. Plaintiff responded on July 28, 2025. Doc. 10.

2. Defendant now files this Reply. As shown herein, Plaintiff has failed to state a claim for relief, and her arguments otherwise are invalid. For these reasons, this Court should grant Defendant's Motion to Dismiss.

## ARGUMENTS AND AUTHORITIES

### A. Plaintiff's arguments regarding E-Sign have been rejected by other courts.

3. Plaintiff claims that Defendant needed consent under the E-SIGN Act to deliver the initial notice by email. Doc. 10 at 3. Plaintiff claims this is required by Section 1692g because the initial

notice must be in writing. *Id.* Plaintiff is incorrect about both legal arguments, and her argument concerning the E-SIGN Act has been expressly rejected by other district courts.

4. First, the initial notice is not required to be sent in writing. *See* 15 U.S.C. § 1692g(a). "[I]t is fairly clear that a debt collector may convey the required 1692g(a) information to the consumer in the initial communication and that the FDCPA contemplates that the initial communication may be oral." *Kasalo v. Trident Asset Mgmt., LLC*, 53 F. Supp. 3d 1072, 1080 (N.D. Ill. 2014); *Greene v. Trueaccord Corp.*, No. 19-cv-06651-EMC, 2020 U.S. Dist. LEXIS 261341, at *14 (N.D. Cal. 2020) ("[T]he statutory language contains no express limitation on the mode of the initial communication."); *Potvin v. Paul Law Office, PLLC*, No. 11-cv-308-LM, 2012 U.S. Dist. LEXIS 73209, at *16–17 (D.N.H. 2012) (holding an initial communication under Section 1692g may be oral).

5. The court in *Greene v. TrueAccord Corp.*, conducted a thorough analysis of the same arguments raised by Plaintiff and rejected them. *See Greene*, 2020 U.S. Dist. LEXIS 261341, at *42. The Court rejected the plaintiff's argument that E-SIGN consent was necessary because the FDCPA does not require the initial notice to be sent in writing. *Id.* at *13–14. The Court noted that "[TrueAccord Corp.] is correct that the statute on its face does not impose any express restrictions when a validation notice is a part of the initial communication." *Id*. at *11. The court then noted that this "led several courts to hold that a validation notice accompanying an oral initial communication may also be provided orally; it need not be in writing or compliant with the E-SIGN Act." *Id*. at *11–12. The court also went on to note that the CFPB has stated, "the E-SIGN Act's consumer consent provisions do not apply to the extent a debt collector provides the validation information in the body of an email that is the debt collector's initial communication with the consumer." *Id.* at *16–17. This is the exact situation before the Court currently.

6.      Plaintiff's reliance on *Lavallee* fails for the same reason it failed in *Greene*:

> Ms. Greene's reliance on *Lavallee v. Med-1 Solutions, LLC*, 932 F.3d 1049 (7th Cir. 2019), is unavailing. There, the court did not hold that an initial communication containing a validation notice cannot be conveyed via email. Rather, the court simply held that (1) the emails sent by the defendant did "not qualify [as initial communications] under the [FDCPA's] definition of 'communication' because they did not 'convey[] . . . information regarding a debt" and (2) the emails did not "'contain' the statutorily mandated disclosures" since, at most, they "provided a means to access the disclosures via a multistep online process."

*Id.* at 17–18.

7.      There is nothing in the FDCPA or any rulemaking that prohibits the sending of the initial communication by email. Nowhere in Plaintiff's response does she deny receiving this email. Therefore, it is evident that Defendant sent an initial notice to Plaintiff and that Plaintiff received it and was informed of her statutory rights.

      **B.  Plaintiff's FDCPA claim can be resolved at this stage.**

8.      Plaintiff argues the Court should deny Defendant's Motion to Dismiss because there are fact issues which warrant denying it at this stage. Most of these "fact issues" revolve around Plaintiff's belief that Defendant needs E-Sign consent to send the initial communication by email. This is not true. There cannot be any violations of the FDCPA based on the alleged lack of E-Sign consent. Every claim asserted under the FDCPA relies on the argument that the conduct is violative because Defendant did not send the initial notice on the debt. Since there is no violative conduct there, every claim fails.

      **C.  Plaintiff has failed to assert a valid TCPA claim.**

9.      Plaintiff asserts her TCPA claim should survive this Motion to Dismiss, because "[n]umerous courts . . . allow[] plaintiffs to plead the use of an ATDS based on contextual factors such as generic message content, use of SMS short codes, lack of human intervention, and identical messages sent in mass to consumers." Doc. 10 at 11.

10. Courts have consistently held that, to survive a motion to dismiss, a pleading ". . . must provide at least enough facts to make a plausible inference that [defendant] used an ATDS[.]" *Miles v. LawnStarter, Inc.*, No. A-20-CV-249-RP, 2020 U.S. Dist. LEXIS 256110, at *7 (W.D. Tex. 2020); *see DeMesa v. Treasure Island, LLC*, No. 2:18-cv-02007-JAD-NJK, 2022 U.S. Dist. LEXIS 98511, at *5 (D. Nev. 2022) ("[T]o state a claim under the autodialer provision of the TCPA, a plaintiff must allege that the random- or sequential-number generator generated the phone numbers that the autodialer called or stored to be called later."); *Watts v. Emergency Twenty Four Inc.*, No. 20-cv-1820, 2021 U.S. Dist. LEXIS 115053, at *8 (N.D. Ill. 2021) (dismissing the complaint that failed to "allege that [defendant's] system uses a random or sequential number generator"). Courts "do not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action." *Smith v. Heap*, 31 F.4th 905, 910 (5th Cir. 2022).

11. In this case, Plaintiff's inclusion of the language used in the text messages bolsters the argument that an ATDS was not used because the text of the message is personalized to the Plaintiff. Doc. 1 ¶ 21. The text message has a specific dollar amount Plaintiff owes and offers a payment plan. *Id.* Courts have dismissed similar claims in similar factual situations: "In fact, from the facts alleged—that [Plaintiff] was contacted concerning a debt that she allegedly owed—the Court may more reasonably infer a preexisting relationship between the parties and that no ATDS of any kind was used." *Gardner v. Navient, LLC*, No. 3:24-cv-198-S-BN, 2024 U.S. Dist. LEXIS 122733, at *9 (N.D. Tex. 2024) (internal quotation marks omitted). Another court with similar facts held that "[t]he direct and personal nature of the text messages weighs against a reasonable inference that [defendant] used an ATDS to send the messages." *Hunsinger v. Buyers*, Civil Action No. 3:21-CV-1598-D, 2022 U.S. Dist. LEXIS 32319, at *16 (N.D. Tex. 2022) (citing *Suttles v.*

*Facebook, Inc.*, 461 F. Supp. 3d 479, 487) ("Allegations of directly targeting specific individuals weigh against an inference that an ATDS was used.").

12.     There is no evidence or allegations of generic message content, SMS short codes, the lack of human intervention, or identical messages to different individuals. Plaintiff merely asserts the use of an ATDS and claims that it is sufficient. It is not, and this claim should be dismissed as well.

## CONCLUSION

13.     This Court should grant Defendant's Motion to Dismiss in its entirety because Plaintiff has failed to allege any actionable violation of the FDCPA based on E-Sign consent, and Plaintiff's conclusory allegation regarding the use of an ATDS lacks factual support.

Respectfully submitted,

**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mgl.law
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mgl.law
**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT***
***TRUEACCORD CORP.***

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** system to all parties entitled to notice of the same on this 4th day of August, 2025.

                                 */s/ Xerxes Martin*
                                 EUGENE XERXES MARTIN, IV