IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
AUG 0 6 2025
Nathan Ochsner, Clerk of Court

Jasmine Robertson §
*Plaintiff* § Case Number: 4:25-cv-02816
§
§
vs §
§
§
§

TrueAccord Corp.
January Technologies, Inc.

*Defendant(s)*

---

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN RESPONSE TO JANUARY TECHNOLOGIES, INC. RULE 12(b)(6) MOTION TO DISMISS

---

### I.     INTRODUCTION

Plaintiff Jamine Richards respectfully requests leave to file a short sur-reply to address new factual assertions raised for the first time in Defendant's reply brief. In support, Plaintiff states as follows:

### II.     BACKGROUND

Defendant's reply introduces new arguments challenging Plaintiff's citation accuracy and understanding of the Rule 12(b)(6) standard. Plaintiff respectfully seeks leave to address these assertions, which were not raised in the original motion. Defendant now claims that Plaintiff's cited authorities either do not exist, are miscited, or are irrelevant attacking Plaintiff's credibility rather than engaging with the legal substance. These arguments go beyond the original motion to dismiss and warrant a short sur-reply to correct the record and preserve Plaintiff's opportunity to respond under fair procedural standards.

1

Also in its reply, Defendant newly asserts that the text messages included Plaintiff's name, but this is factually incorrect. The messages contain no such reference, and Defendant made no mention of Plaintiff's name in the original motion to dismiss.

### III.   LEGAL STANDARD

The purpose of filing a reply "is to give the movant the final opportunity to be heard, and to rebut the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Info-Power Int'l, Inc. v. Coldwater Tech., Inc.*, No. 3:07-CV-0937-P, 2008 WL 5552245, at *8 (N.D. Tex. Dec. 31, 2008) (citation and internal quotation marks omitted). For this reason, "a court generally will not consider arguments raised for the first time in a brief reply." *Pennsylvania Gen. Ins. Co. v. Story*, No. CIV.A.3:03-CV-0330-G, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003) (citations omitted). An exception may be made, however, and leave to file a surreply may be granted, to allow the "nonmovants . . . a chance to respond" to the movant's newly-asserted theories or evidence. See id. Leave to file a surreply is unwarranted, however, where the proposed surreply merely restates the arguments made in the party's initial response. See, e.g., *Williams v. Aviall Serv. Inc.*, 76 Fed. App'x 534, 535 (5th Cir. 2003) (affirming the denial of a party's motion for leave to file a surreply because the surreply did not include new arguments or evidence); *Berkman v. City of Keene*, No. 3:10-CV-2378-B, 2011 WL 3268214, at *5 (N.D. Tex. July 29, 2011) (denying a party's motion for leave to file a surreply because the proposed surreply involved no new issues).

### IV.   CONCLUSION

For these reasons, Plaintiff respectfully requests the Court grant leave to file the attached sur-reply (Exhibit A), limited solely to the new arguments raised for the first time in the reply brief.

Respectfully submitted,

/s/Jasmine Robertson
Jasmine Robertson Plaintiff *pro se*
3400 Louetta RD. Apt 436
Spring, TX 77388
Jasmine.robertson11@yahoo.com
(832) 898-1716

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served upon the registered agents of record in accordance with the Federal Rules of Civil Procedure on August 6 , 2025 via first class mail & email.

Francesca A. Di Troia
TX Bar No. 24097596
SDTX Bar No. 3278381
fditroia@bn-lawyers.com
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 649-4079
Fax: (512) 279-0310
ATTORNEY FOR DEFENDANT
JANUARY TECHNOLOGIES, INC.

/s/Jasmine Robertson
Jasmine Robertson Plaintiff *pro se*

3

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| Jasmine Robertson § | |
| *Plaintiff* § | Case Number: 4:25-cv-02816 |
| § | |
| vs § | |
| § | |
| § | |
| § | |
| TrueAccord Corp. | |
| January Technologies, Inc. | |
| *Defendant(s)* | |

## PLAINTIFF'S PROPOSED SUR-REPLY IN OPPOSITION TO DEFENDANT JANUARY TECHNOLOGIES, INC REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiff Jasmine Robertson submits this Sur-Reply to correct factual misrepresentations made in Defendant January Technologies, Inc. Reply and to clarify the accuracy and legal relevance of the case law cited in Plaintiff's Opposition.

## CLARIFICATION OF CITATION ACCURACY AND APPLICABILITY OF PLEADING STANDARD UNDER *TWOMBLY* AND *IQBAL*

Plaintiff respectfully corrects the record to confirm the citation to *Parsons v. Deutsche Bank Nat'l Tr. Co.*, No. 3:18-CV-1287-L-BN, 2019 (N.D. Tex. Jan. 22, 2019), which states "But, 'to survive a motion to dismiss' under *Twombly* and *Iqbal,* a plaintiff need only 'plead facts sufficient to show' that the claims asserted have 'substantive plausibility' by stating 'simply, concisely, and directly events' that Plaintiff contends entitle him or her to relief." Plaintiff respectfully clarifies that the citation to *Longmire v. Wells Fargo Bank, N.A.* was inadvertently misnumbered in the original Opposition. The

1

correct citation is *Longmire v. Wells Fargo Bank, N.A.*, No. 3:16-CV-2367-M-BN, slip op. at 8 (N.D. Tex. Aug. 16, 2017) (available on Google Scholar), the quote in question appears verbatim in the court's Legal Standards. "To survive a motion to dismiss under *Twombly* and *Iqbal*, a plaintiff need only plead facts sufficient to show that the claims asserted have substantive plausibility by stating simply, concisely, and directly events that Plaintiff contends entitle him or her to relief." Plaintiff regrets the citation error but notes that the quote itself is real, accurately stated, and directly applicable to the legal standard at issue.

### Correction Regarding Petteway Citation

Plaintiff's statement that "at the 12(b)(6) stage, it is inappropriate for a district court to weigh the strength of the allegations" is neither fabricated nor misattributed. This language derives directly from the United States Supreme Court's holding in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007), which instructs that a complaint may not be dismissed merely because the court believes a plaintiff is unlikely to prove the allegations. That principle was expressly adopted by the Fifth Circuit in *Arnold v. Williams*, 979 F.3d 262, 268 (5th Cir. 2020), and later cited by this Court in *Petteway v. Galveston County*, 667 F. Supp. 3d 447, 476 (S.D. Tex. 2023) (No. 3:22-cv-57, Mar. 30, 2023).

Plaintiff cited *Petteway* in good faith based on its listing and quotation structure as displayed in Google Scholar, a publicly accessible legal research platform. See Exhibit B (screenshot). Although the date of the decision was misstated in Plaintiff's prior filing, the quoted language is accurate, relevant, and legally controlling under binding Fifth Circuit and Supreme Court precedent. The defense's attempt to imply that the citation was fabricated or misleading is unfounded and unsupported by the record.

Defendant argues that Plaintiff's allegations are too vague to survive dismissal, and further attempts to discredit Plaintiff's reliance on *Sattler v. Marcus & Millichap Capital Corp.*, No. 1:23-CV-01492-SH (W.D. Tex. May 15, 2024), by mischaracterizing both the

2

nature of the case and the citation. Plaintiff's citation to *Sattler* was not fabricated or misplaced. The quote in question appears in the court's May 15, 2024 opinion, where the court reaffirmed a fundamental Rule 8(a) principle. "Fairly generic allegations as to the nature of the breach can satisfy the pleading requirements under Rule 8(a)." *AHBP LLC v. Lynd Co.*, 649 F. Supp. 3d 371, 399–400 (W.D. Tex. 2023), cited in *Sattler v. Marcus & Millichap Cap. Corp.*, No. 1:23-CV-01492-SH (W.D. Tex. May 15, 2024)

While *Sattler* involves a breach-of-contract claim, the court's application of Rule 8(a) is not limited to contract disputes. It reflects the broader pleading standard that governs all civil actions in federal court, including claims under the FDCPA. The key takeaway is that Rule 8(a) does not require evidentiary detail, only fair notice and plausibility.

Plaintiff's complaint satisfies that standard. It identifies the parties involved, the nature of the alleged misrepresentations, and the statutory provisions at issue under the FDCPA. That is all that is required at the Rule 12(b)(6) stage, as made clear by *Twombly*, *Iqbal*, and reaffirmed in both *Sattler* and *AHBP*. Defendant's attempt to discredit Plaintiff's citation by pointing to an unrelated case number or claiming the quote is "nonsensical" only distracts from the core issue. Plaintiff has pleaded a plausible claim under Rule 8(a), and dismissal at this stage is not appropriate.

## Plaintiff's TCPA Allegations Satisfy the Post-*Duguid* Pleading Standard Under Rule 8(a)

Defendant's argument mischaracterizes both the content of the text messages and the pleading standard post *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021). Contrary to Defendant's assertion, the messages at issue *do not* contain Plaintiff's name, nor are they "personal" or "targeted" in any meaningful way. (See Exhibit C attached hereto.) Defendant's attempt to analogize this case to *Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-cv-1598-D, 2021 U.S. Dist. LEXIS 209119, is misleading. In *Hunsinger*, the text messages explicitly addressed the plaintiff by name a key detail missing here. The

3

messages sent by January are generic, templated, and impersonal in tone, consistent with communications sent via an automated system. Plaintiff has alleged sufficient factual content to plausibly infer the use of an automatic telephone dialing system (ATDS), including the generic nature of the message, the lack of prior express consent, and the pattern of contact all of which align with what courts have accepted as sufficient at the pleading stage post *Duguid.* Defendant's selective citations and factual misstatements do not warrant dismissal under Rule 12(b)(6).

## CONCLUSION

Defendant's attempt to dismiss this case rests not on the insufficiency of the pleadings, but on factual disputes that are premature at the Rule 12(b)(6) stage. The relabeling of Plaintiff's specific allegations as "legal conclusions" reflects a fundamental misapplication of Rule 12(b)(6) and amounts to an improper attempt to litigate the facts before discovery. As the Supreme Court made clear in *Twombly*, a complaint that states a plausible claim cannot be dismissed simply because the defendant believes the allegations lack evidentiary support. *Twombly*, 550 U.S. at 563 n.8. See also *Arnold v. Williams*, 979 F.3d 262, 268 (5th Cir. 2020) ("At the 12(b)(6) stage, it is inappropriate for a district court to weigh the strength of the allegations."). Plaintiff's well-pleaded facts including the nature of the debt, the identity of the collector, and the misleading nature of the communications satisfy the pleading standard under Rule 8(a) and *Iqbal*. Defendant's motion should be denied in full.

Respectfully Submitted,

/s/Jasmine Robertson
Jasmine Robertson Plaintiff *pro se*
3400 Louetta RD. Apt 436
Spring, TX 77388
Jasmine.robertson11@yahoo.com
(832) 898-1716

4

# EXHIBIT B

https://scholar.google.com/scholar_case?about=17497010407876471528&q=Arnold+v.+Williams,&hl=en&as_sdt=4,110,125,367,368,369,370

← Arnold v. Williams, 979 F. 3d 262 - Court of Appeals, 5th Circuit 2020

Read   How cited

### How this document has been cited

" To state a claim for relief under 42 USC § 1983, the plaintiff must allege that (1) some person has deprived him of a federal right; and (2) that the person acted under color of state or territorial law. "
- in Mosley v. WAYBOURN, 2023 and 44 similar citations

" To overcome the immunity defense, the complaint "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm… alleged and that defeat a qualified immunity defense with equal specificity." "
- in Wogan v. City of Ridgeland, 2025 and 41 similar citations

" "While the court must accept the facts in the complaint as true, it will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." "
- in Moore v. City of Clarksdale, 2022 and 39 similar citations

" "Section 1983 claims implicating qualified immunity are subject to the same Rule 8 pleading standard set forth in Twombly and Iqbal as all other claims; an assertion of qualified immunity in a defendant's answer or motion to dismiss does not subject the complaint to a heightened pleading standard." "
- in Arnold v. Willis, 2024 and 29 similar citations

" "[T]o state a § 1983 claim for false arrest/false imprisonment,[Plaintiff] must plausibly allege that [the officer] 'did not have probable cause to arrest [her].'" "
- in ASUELIME v. CITY OF DALLAS POLICE DEPARTMENT, 2024 and 18 similar citations

" —holding that at the 12 (b)(6) stage "it is inappropriate for a district court to weigh the strength of the allegations" "
- in Pettaway v. Galveston County, 2023 and 16 similar citations

### Cited by

≡ Gonzales v. HUNT COUNTY SHERIFF'S DEPARTMENT
Dist. Court, ND Texas 2023

≡ Schweitzer v. DAGLE
Dist. Court, SD Texas 2024

≡ Schweitzer v. DAGLE
Dist. Court, SD Texas 2024

≡ League of United Latin American Citizens v. Abbott
Dist. Court, WD Texas 2022

≡ Kelley v. City of Cedar Park
Dist. Court, WD Texas 2022

≡ Santander v. Salazar 
133 F. 4th 471 - Court of Appeals, 5th Circuit 2025

≡ THUNDERHORSE v. Collier
Dist. Court, SD Texas 2024

≡ Mayes v. Gonzalez
Dist. Court, ND Texas 2023

≡ POLICE v. NAVARRO COLLEGE
Dist. Court, ND Texas 2023

5

# EXHIBIT C

**Screenshot 1 (8:52, from 71027):**

> Sat, May [illegible]
>
> January is a debt collector. We offer payment plans to pay off your Nuovo Artistic Studios (Houston) - In-Store purchase balance purchase balance. Visit january.com/o/[illegible]PC5[illegible] to get started. Reply STOP to stop.
>
> [illegible date]
>
> January is a debt collector. You may be able to negotiate lower payments on your Nuovo Artistic Studios (Houston) - In-Store purchase balance purchase balance. Visit january.com/b/ [illegible]RC9N[illegible] to apply now. Reply STOP to stop.
>
> Sun [illegible]
>
> January is a debt collector. We've partnered with Affirm, Inc. to resolve your Nuovo Artistic Studios (Houston) - In-Store purchase balance purchase balance. Log into our secure website january.com/b/ 8oRGS-4mrv: for details. Reply STOP to stop.

**Screenshot 2 (8:52, from 71027):**

> January is a debt collector. We've partnered with Affirm, Inc. to resolve your Nuovo Artistic Studios (Houston) - In-Store purchase balance purchase balance. Log into our secure website january.com/b/ 8JRGS_[illegible] for details. Reply STOP to stop.
>
> [illegible date, Jun]
>
> January is a debt collector. We offer payment plans to pay off your Nuovo Artistic Studios (Houston) - In-Store purchase balance purchase balance. Visit january.com/b/Xrpai hn6obQ: to get started. Reply STOP to stop.
>
> Mon, Jun 9 [illegible]
>
> January is a debt collector. You may be able to negotiate lower payments on your Nuovo Artistic Studios (Houston) - In-Store purchase balance purchase balance. Visit january.com/b/ p_dzQUJy-L4: to apply now. Reply STOP to stop.

7



## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served upon the registered agents of record in accordance with the Federal Rules of Civil Procedure on August 6, 2025 via first class mail & email.

Francesca A. Di Troia
TX Bar No. 24097596
SDTX Bar No. 3278381
fditroia@bn-lawyers.com
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 649-4079
Fax: (512) 279-0310
ATTORNEY FOR DEFENDANT
JANUARY TECHNOLOGIES, INC.

/s/Jasmine Robertson
Jasmine Robertson Plaintiff *pro se*

8