United States District Court
Southern District of Texas
**ENTERED**
February 19, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASMINE ROBERTSON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-2816 |
| | § | |
| TRUEACCORD CORP., ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant TrueAccord Corp.'s ("TrueAccord") Motion to Dismiss Plaintiff's Amended Complaint (ECF 4) under Rule 12(b)(6) for failure to state a claim.[1]  ECF 8.  With respect to two of Plaintiff's claims, alleged violations of 15 U.S.C. §§ 1692g(a) and 1692(e)(10), the Court converted the Motion to a motion for summary judgment.  ECF 33.  After reviewing the record, the Parties' arguments, and the applicable law, the Court recommends the Motion to Dismiss and converted motion for summary judgment be GRANTED with respect to all claims for the reasons discussed below.

## I.    Background

This case arises from Defendant's alleged attempts to collect on Plaintiff's debts.  Congress enacted the Fair Debt Collection Practices Act ("FDCPA") "to

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 16.

eliminate abusive debt collection practices" and protect consumers. 15 U.S.C. § 1692(e). The Act prohibits a variety of conduct that Congress deemed abusive and provides for civil liability for violations of the act. 15 U.S.C. § 1692k. To state a claim under the FDCPA, a plaintiff must allege facts demonstrating: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Woodley v. Resurgent Cap. Servs., L.P.*, No. CV H-24-1587, 2024 WL 2806189, at *2 (S.D. Tex. May 31, 2024) (internal quotation marks and citation omitted). *See also Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 471 (M.D. La. 1995). For purposes of the motions under consideration, no party disputes that Plaintiff is a consumer who owed a debt within the meaning of the FDCPA and Defendant is a debt collector as defined by the FDCPA. ECF 4 ¶¶ 3, 9-11, 13. Defendant seeks dismissal under Rule 12(b)(6) and Rule 56 based on Plaintiff's failure to allege or provide summary judgment evidence demonstrating that Defendant engaged in an act or omission prohibited by the FDCPA.

Plaintiff claims Defendant violated five provisions of the FDCPA. ECF 4 ¶¶ 37-48. Plaintiff alleges Defendant violated § 1692g(a) by failing to provide the statutorily required debt validation notice containing: the debt amount; name of the creditor; statement regarding the presumption of validity; the right to dispute and

receive verification of the debt; and the right to request the name of the original creditor. *See* 15 U.S.C. § 1692g(a). Plaintiff alleges Defendant violated § 1692g(b) by failing to mail her verification of the debt and the original creditor's information. *See* 15 U.S.C. § 1692g(b). Plaintiff claims Defendant violated § 1692e(2)(A), which prohibits false representations as to the character, amount, or legal status of any debt, by allegedly sending text messages implying the debt was legally enforceable without providing the debt validation notice. *See* 15. U.S.C. § 1692e(2)(A). Plaintiff alleges Defendant violated § 1692e(10) by texting repeated payment demands without providing the required debt validation notice explaining her right to dispute the debt or request validation. *See* 15. U.S.C. § 1692e(10). Finally, Plaintiff claims that in violation of § 1692e(10), Defendant caused her phone to ring with the intent to annoy, abuse, or harass her in violation of the Act by repeatedly sending her text messages. *See* 15. U.S.C. § 1692e(10).

Plaintiff also alleges that Defendant violated the Telephone Consumer Protection Act by sending her text messages using an automatic telephone dialer system without her consent.

## II.    Legal Standards

TrueAccord initially moved for dismissal of all Plaintiff's FDCPA claims under Rule 12(b)(6). ECF 8. After reviewing the Motion to Dismiss, Plaintiff's Response, and Defendant's Reply (ECF 8; ECF 10; ECF 13), the Court notified the

parties that with respect to Plaintiff's claims for violations of 15 U.S.C. §§ 1692g(a) and 1692e(10), it would convert the Motion to Dismiss to a motion for summary judgment. ECF 33. This M&R applies the Rule 12(b)(6) standards when addressing the TCPA claim and the FDCPA claims under 15 U.S.C. §§ 1692g(b), 1692e(2)(A), 1692d(5). The Court applies the Rule 56 standards when addressing the alleged violations of §§ 1692g(a) and 1692(e)(10).

### A. Rule 12(b)(6) motion to dismiss for failure to state a claim

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

### B. Rule 56 motion for summary judgment

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the

moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

### III.    Analysis.

After notifying the parties of its intent to convert the motion to dismiss Plaintiff's claims under 15 U.S.C. §§ 1692g(a) and 1692e(10) to a motion for summary judgment, the Court permitted limited discovery regarding the May 5, 2025 email Defendant claims to have sent in fulfilment of its initial communication and debt validation notice duties under the FDCPA. In support of summary

judgment Defendant submitted Plaintiff's responses to Requests for Admission (ECF 34-1) and a Declaration from a record custodian stating Defendant's email system sent the May 5, 2025 email to Plaintiff per usual practice and did not receive any error message (ECF 34-2 at 1-5). Defendant also submitted a copy of the May 5, 2025 email (ECF 34-2 at 7-10).

In response to the converted motion for summary judgment Plaintiff submitted an affidavit declaring she did not receive the email as evidenced by her unsuccessful search for the email in her inbox. ECF 35 at 8-9. She attached two exhibits to her affidavit. The first consists of three screenshots of text messages Defendant sent to her phone. *Id.* at 11-12. The second exhibit consists of five purported screenshots of the results from various searches Plaintiff conducted on her Yahoo inbox. *Id.* at 14-16. The Court considered Defendant's and Plaintiff's evidence in evaluating the alleged violations of §§ 1692g(a) and 1692(e)(10) under the Rule 56 standard.

### A. The FDCPA claims.

#### 1. Plaintiff's claim under § 1692g(a) should be dismissed under Rule 56.

Section 1692g(a) of the FDCPA requires debt collectors to send debtors a written notice of the following information within five days of the initial communication, *unless the information is contained in the initial communication*:

**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;
**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g(a).

Defendant claims to have emailed the required debt validation notice information in its *initial communication* with Plaintiff on May 5, 2025. Defendant's General Counsel and record custodian, Katie Neill, submitted an affidavit stating that based on a search of the regularly maintained account records, Defendant sent an email to Plaintiff on May 5, 2025.[2] ECF 34-2 ¶¶ 2-6. The affidavit attests that Defendant's email system receives and makes a note of any bounce-back and non-delivery messages. However, no such bounce back or undeliverable message was received after Defendant sent the May 5, 2025 email to Plaintiff. ECF 34-2 ¶¶ 6-11. Neill's affidavit states that other emails were sent by Defendant's email system to Plaintiff's same email address without issue. *Id.* at 12. Defendant also provided

---

[2] Defendant indicates it sent the email to the address jasmine.robertson11@yahoo.com. ECF 8 ¶ 7; ECF 34-2; ECF 35 at 8-9. Plaintiff has admitted that she owned and had access to the email address during the relevant period. ECF 34-1.

a copy of the May 5, 2025 email, which contains information about the specific debt, methods for disputing the debt, and the deadline for disputing the debt, payment options, and Defendant's contact information.  ECF 34-2 at 7-10.

Plaintiff argues she *did not receive* the May 5, 2025 email containing the required notice information.  *See* ECF 35 at 3 ("TrueAccord says the Court should presume the May 5, 2025 email was sent and received even though Plaintiff denies receipt."); ECF 4 ¶¶ 22-23; ECF 34-1 (response to request for admission).  Rather, Plaintiff alleges TrueAccord's first contact with her regarding the debt was via text message on May 9, 2025 sent from the short code 58469.  ECF 4 ¶¶ 15, 17.  She argues that none of the text messages contained the required statutory notice information.  *Id.* ¶ 16.  Plaintiff submitted a sworn declaration stating she conducted a keyword and sender search of her email inbox and found no record of the May 5, 2025 email.  ECF 35 at 8-9.  Plaintiff attached screenshots of her inbox searches.  *Id.* at 14-16.

Whether Plaintiff received the May 5, 2025 email is irrelevant for purposes of her § 1692g(a) claim.  Section 1692g(a) requires only that the debt collector *send* the statutory notice, not that the debtor actually *receive* it.  *See* 15 U.S.C. § 1692(a) ("Within five days after the initial communication with a consumer . . . a debt collector shall . . . send the consumer a written notice containing [the statutorily required information"); 12 C.F.R. § 1006.42(a)(1) ("A debt collector who sends

disclosures required by the Act and this part in writing or electronically must do so in a manner that is reasonably expected to provide actual notice"). Well established law holds that § 1692g(a) only requires the debt collector to demonstrate the notice was sent, not that the debtor received it. *See Mahon v. Credit Bureau of Placer Cnty. Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999) ("We hold that section 1692g(a) requires only that a Notice be 'sent' by a debt collector. A debt collector need not establish actual receipt by the debtor."), *as amended on denial of reh'g and reh'g en banc* (Apr. 28, 1999); *Ghanta v. Immediate Credit Recovery, Inc.*, No. 3:16-CV-00573-O, 2017 WL 1423597, at *7 (N.D. Tex. Apr. 18, 2017) ("But it is irrelevant whether Plaintiff actually received the debt verification because Defendant's statutory duty to mail Plaintiff debt verification would have been satisfied when the debt verification was placed in the mail with a proper address and sufficient postage, regardless of whether Plaintiff ultimately received it."); *Johnson v. Att'y Off. of Newman, Mathis, Brady & Spedale*, No. 12-706-RLB, 2013 WL 6834381, at *6 (M.D. La. Dec. 23, 2013) (collecting cases).

Thus, even though for summary judgment purposes the Court accepts as true Plaintiff's testimony that she never *received* the May 5, 2025 email, no genuine dispute of material fact exists as to whether Defendant *sent* the email in a manner reasonably expected to provide actual notice. Plaintiff admits she owns the email address to which Defendant sent the email. None of her summary judgment

evidence creates a genuine dispute of fact as to whether Defendant sent the notice. Defendant has presented uncontroverted summary judgment evidence that it sent the required notice by email on May 5, 2025 to an email address owned by Plaintiff and received no bounce-back or error message. ECF 34-2; *see also*, *Antoine v. J.P. Morgan Chase Bank*, 757 F. Supp. 2d 19, 23 (D.D.C. 2010) (granting summary judgment because "Plaintiff alleges that he never *received* this notice, but presents no evidence that it was not *sent* or that it does not satisfy the FDCPA disclosure requirements." [emphasis in original]); *Neel v. Fannie Mae*, No. 1:12CV311-HSO-RHW, 2014 WL 977328, at *9 (S.D. Miss. Mar. 12, 2014) (citing *Antoine* and granting defendant's summary judgment claim where plaintiffs contested receipt by did not provide evidence showing failure to send notice).

The May 5, 2025 email satisfied the FDCPA's § 1692g validation notice requirement: the email constitutes Defendant's initial communication with Plaintiff and it contained all required information.[3] The May 5, 2025 email preceded the May 9, 2025 text message which did not contain the required notice information. Section 1692g does not require a debt collector to send an additional § 1692g notice in a

---

[3] Defendant's May 5, 2025 email contained the following information: (1) the debt was for $337.13; (2) the original creditor was AT&T U-Verse; (3) Defendant would assume the debt was valid unless Plaintiff disputed it by June 11, 2025 (37 calendar days from date of email); (4) Defendant would stop collection on any portion of the debt disputed during that period until it sent Plaintiff information showing she owed the debt; and (5) Plaintiff could request the name and address of the original creditor, if different from the current creditor, within that period, and Defendant would stop collection until providing the information. ECF 34-2 at 7-10. *See* 15 U.S.C. § 1692g(a) (listing the five pieces of statutorily required information).

particular form if the statutorily required information is included in the initial communication. *See* 15 U.S.C. § 1692a(2) (defining communication as "conveying of information . . . through any medium"); 15 U.S.C. § 1692g(a) (requiring notice "unless the . . . information is contained in the initial communication"); *Greene v. TrueAccord Corp.*, No. 19-CV-06651-EMC, 2020 WL 12834572, at *4-5, *7 (N.D. Cal. May 19, 2020) (explaining that where the § 1692g validation notice requirements are included in the body of an emailed initial communication, compliance with the E-Sign Act (15 U.S.C. §§ 7001 *et seq.*) consent provisions is not required); 12 C.F.R. § 1006.42(b) (explaining that § 1692g validation notices *separate from the initial communication* must conform with the E-Sign Act is sent via electronic means).   The uncontroverted summary judgment evidence demonstrates Defendant's initial communication was the May 5, 2025 email, the email was sent to an email address Plaintiff admits to owning, and the email contained the statutorily required information.   Thus, Defendant is entitled to summary judgment on Plaintiff's § 1692g(a) claim.

## 2. Plaintiff's § 1692g(b) claim should be dismissed under Rule 12(b)(6).

Section 1692g(b) requires a debt collector to cease collection of a debt if the consumer disputes the debt or requests the original creditor's information in writing within the 30-day period described in subsection (a).  15 U.S.C. § 1692g(b).  The

debt collector may not resume collection until it has provided the consumer with either the verification or the requested creditor info.  *Id.*

Although Plaintiff alleges TrueAccord violated § 1692g(b) (ECF 4 ¶ 48), she has not stated any facts indicating she attempted to dispute the debt, request the original creditor's information, or communicated with Defendant in writing whatsoever.  Therefore, she has failed to state a claim for a violation of § 1692g(b).

### 3. Plaintiff's § 1692e(2)(A) should be dismissed under Rule 12(b)(6).

Section 1692e prohibits debt collectors from making "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  Section 1692e(2)(A) specifically prohibits the false representation of "the character, amount, or legal status of any debt" in connection with collection activity.  15 U.S.C. § 1692e(2)(A).

Plaintiff alleges that after sending the May 9, 2025 text message, Defendant sent additional text messages on May 9, May 13, May 17, May 20, May 24, May 28, June 1, June 5, June 8, and June 12, 2025.  ECF 4 ¶ 18.  Plaintiff claims that the May 24 and June 8, 2025, messages contained payment links and language such as "'Start a plan with payments of $56.19' and 'Pay $279.82 and resolve your outstanding balance.'"  *Id.* ¶ 21 (original formatting removed).  Plaintiff argues that Defendant "falsely [implied] that the alleged debt was legally due and enforceable before

13

providing the validation [§ 1692g(a)] notice . . . [which created] a misleading impression of the debt's legal status." *Id.* ¶ 39.

Plaintiff's § 1692e(2)(A) claim that the language of the text messages falsely represents the character, amount, or legal status of the debt in the absence of the required debt validation notice information fails because she does not identify a *false representation* in the text messages.  Nothing in the text messages, even absent the statutory notice, asserts payment is immediately due or creates a false sense of urgency, and Plaintiff did not plead that the messages claimed a different amount of debt than actually owed.  *See Bentson v. Chyma*, No. 4:15-CV-00523-ALM-CAN, 2017 WL 9250309, at *6 (E.D. Tex. July 7, 2017) (explaining that § 1692e(2)(A) can encompass misrepresenting the amount of a debt, falsely asserting a debt is mature, or creating a false sense of urgency), *report and recommendation adopted,* No. 4:15-CV-523, 2017 WL 3431501 (E.D. Tex. Aug. 10, 2017).  Additionally, failure to provide a debt validation notice does not cause otherwise unobjectionable language to be misleading.  *See Lindley v. TRS Recovery Assocs., Inc.*, No. 2:12-CV-109, 2012 WL 6201175, at *2 (S.D. Tex. Dec. 12, 2012) ("The FDCPA does not protect consumers who intentionally distort communications or make irrational claims.").  Furthermore, the statute specifically allows a debt collector to make an initial communication to a debtor that does not contain the validation notice information, and then send a separate validation notice up to five days later.  15

U.S.C. § 1692g(a).  The debt collector therefore can begin collection efforts up to five days before sending the validation notice information.  Plaintiff's argument, taken to its logical end, would convert statutorily permitted collection activity occurring during that five-day period, in situations in which the initial communication did not contain the § 1692g(a) information, into a violation of § 1692e(2)(A) even though the communications during that five-day period contained no objectionable language.

### 4.  Plaintiff's § 1692e(10) claim should be dismissed under Rule 56.

Section 1692e(10) specifically disallows "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  When considering whether a statement is misleading, the Court looks to the least sophisticated consumer standard,[4] which serves to protect even inexperienced or naive debtors while also shielding creditors from liability for "bizarre or idiosyncratic consumer interpretations of collection materials." *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012) (internal quotation marks and citation omitted).  The Court may only dismiss a § 1692e claim when reasonable minds cannot differ as to whether a communication would be misleading to the least sophisticated consumer.  *See Gonzalez v. Kay*, 577 F.3d 600, 607 (5th

---

[4] The Fifth Circuit has noted that there is a 'least sophisticated' and 'unsophisticated' consumer standard, and that both are viable, arrive at the same results, and serve the same purpose. *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012).

Cir. 2009) (employing the "reasonable minds can differ" standard to reverse dismissal).

Plaintiff claims Defendant violated § 1692e(10) by "using deceptive means to collect the debt, including sending repeated payment demands [the multiple text messages] without disclosing Plaintiff's right to dispute the debt or request validation [i.e., the information required in the § 1692g notice—here, the email]." ECF 4 ¶ 40. Although Plaintiff argues in her supplementary briefing that the § 1692e(10) claim does not rise or fall on the notice issue (*see* ECF 35 at 6-7), the pleadings indicate the claim is predicated on the alleged § 1692g notice violation.[5] *See* ECF 4 ¶ 41 ("[t]hese omissions [i.e., the lack of validation notice] misled Plaintiff into believing she had no right to challenge the debt and pressured her to pay without full knowledge of her legal options.").

For the same reasons discussed above, no genuine dispute of material fact exists that Defendant met the § 1692g(a) validation notice requirements. Even though the statute requires only that the notice be sent, the mailbox rule presumes email was received. *See Gezu v. Charter Commc'ns*, 17 F.4th 547, 553–54 (5th Cir.

---

[5] To the extent that Plaintiff's claim rests on a factual theory other than the lack of the statutory notice, her pleading does not put Defendant on notice of that allegation and the claim should be dismissed under 12(b)(6). *See Nelson v. Receivables Outsourcing, LLC*, No. CV1711543RBKAMD, 2018 WL 3854796, at *3 (D.N.J. Aug. 14, 2018) (dismissing a § 1692e(10) claim and noting "And to the extent Plaintiff relies on an alternative, unstated theory of 'false representation or deceptive means,' the Court finds that Plaintiff has failed to put Defendant on notice as to the claims against it.").

2021) (applying mailbox rule to email and explaining that mailbox rule presumes receipt if there is evidence the email was sent; the presumption shifts the burden to other party to rebut receipt).  Defendant's records custodian indicated the email was sent according to Defendant's regular procedures and that there was no record of a bounce-back or other error.  ECF 34-2.  *See Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 420 (5th Cir. 2007) (noting that sworn affidavits stating a letter was sent according to a party's normal mailing procedures is enough to establish mailbox rule presumption of receipt).  Because Plaintiff has presented evidence only of email searches performed some indeterminate time *after* this litigation began, she has not rebutted the presumption created by the mailbox rule.  ECF 35 at 8-9.  *See Nart v. Open Text Corp.*, No. A-10-CV-870-LY-AWA, 2013 WL 442009, at *2 n.4 (W.D. Tex. Feb. 5, 2013) (applying mailbox rule to email and finding presumption of receipt not rebutted by assertion of non-receipt where there was no evidence of email bounce back), *report and recommendation adopted,* No. A-10-CV-870-LY, 2013 WL 12385060 (W.D. Tex. Mar. 12, 2013); *Krohn v. Spectrum Gulf Coast, LLC*, No. 3:18-CV-2722-S, 2019 WL 4572833, at *3 (N.D. Tex. Sept. 19, 2019).  Therefore, the Court must apply the mailbox rule presumption.

The May 5, 2025 email communication provided the required information Plaintiff claims was omitted:  specific instructions on how to dispute the debt; how to request validation, and how to communicate via email, phone, or mail with

17

Defendant.   ECF 34-2.   The text messages presented by Plaintiff as summary judgment evidence include language on resolving the debt ("Resolve your outstanding balance with us," "[Y]ou can take care of this debt online," "Check out your account summary and also select a payment option," "Start a plan with payments").   ECF 35 at 11-12.   Each message states that Defendant is a debt collector and provides instructions for opting out of text message communication.   *Id.*   Given the non-threatening tone, lack of time pressure, and the email's instructions, nothing in the messages would mislead the least sophisticated consumer.   *See Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004) (finding language is not misleading where it "appropriately expresses importance of correspondence . . . [but] would not serve to intimidate or threaten even the most gullible debtor."). Even the least sophisticated consumer would be able to read a simple text message in light of information he or she learned from reading a prior, straightforward email.

### 5. Plaintiff's § 1692d claim should be dismissed under Rule 12(b)(6).

Section 1692d of the FDCPA prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."   15 U.S.C. § 1692d.   The statute specifically prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).   Typically, "whether

a debt collector's conduct constituted harassment, oppression or abuse in violation of the Act is a question of fact for the jury, however, in appropriate cases, the question can be resolved as a matter of law." *Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 725 (S.D. Tex. 2012) (dismissing plaintiff's § 1692d claim in the absence of evidence defendant intended to annoy, abuse or harass, defendant only called plaintiff "a handful of times," defendant's representatives were not rude or threatening, calls were brief, and there was never more than one call in a day). Courts infer intent by examining the frequency, pattern, and substance of the defendant's communications. *See Karp v. Fin. Recovery Srvcs, Inc.*, No. A-12-CA-985-LY, 2013 WL 6734110, at *6 (W.D. Tex. Dec. 18, 2013), *report and recommendation approved sub nom. Karp v. Fin. Recovery Servs., Inc.*, No. A-12-CV-0985-LY, 2014 WL 12638504 (W.D. Tex. Jan. 7, 2014).

As mentioned above, Plaintiff alleges Defendant sent her text messages concerning the debt on May 9, May 13, May 17, May 20, May 24, May 28, June 1, June 5, June 8, and June 12, 2025.  ECF 4 ¶ 18.  Plaintiff claims some messages contained payment links and language such as "'Start a plan with payments of $56.19' and 'Pay $279.82 and resolve your outstanding balance.'" *Id.* ¶ 21 (original formatting removed).

Plaintiff's allegations that TrueAccord sent her around 11 text messages in May and June 2025 do not create the inference of harassment.  Although no

brightline rule defines the intent to harass, courts typically require high frequency or overall number of calls. *Compare Miller v. Cain*, No. 14-2613, 2015 WL 222434, at *5 (W.D. La. Jan. 14, 2015) (dismissing claim because single call was legally insufficient to state a claim under § 1692d(5) and noting courts have found six calls over two weeks or four calls over seven days insufficient, collecting cases), *with Karp*, 2013 WL 6734110, at *7 (noting that courts found 33 calls over 73 days was sufficient, six calls in 24 minutes was sufficient, 54 calls to consumer's workplace was sufficient). Defendant sent approximately 11 messages across slightly over a month, never sent more than one in a single day, and waited at least two full days between messages. *See Reed v. Receivable Recovery Servs., LLC*, No. CV 16-12666, 2017 WL 1399597, at *13 (E.D. La. Apr. 19, 2017) (finding on summary judgment that 14 calls over five weeks without egregious conduct—such as multiple calls in a single day, calling plaintiff's work or third parties, or calling after being asked to stop—did not support a harassment claim), *aff'd sub nom. Reed v. Receivable Recovery Servs., L.L.C.*, 702 F. App'x 239 (5th Cir. 2017). Plaintiff also never requested Defendant stop texting her, even though the message explicitly provided an opt-out option as described above. This conduct does not approach a level that would allow the Court to infer an intent to harass, especially because text messages, like letters, are easily ignored and far less intrusive than phone calls. *See Vazzano v. Receivable Mgmt. Servs., LLC*, No. 3:21-CV-0825-D, 2021 WL

3742618, at *4 (N.D. Tex. Aug. 24, 2021) (explaining that letters are less intrusive than phone calls). *See also Cunningham v. Radius Glob. Sols. LLC*, No. 4:20-CV-00294, 2020 WL 5518073, at *4 (E.D. Tex. Sept. 14, 2020) (noting in discussion of TCPA claim that text messages are less intrusive because they can be dealt with in "one glance").

### B. Plaintiff's TCPA should be dismissed under Rule 12(b)(6).

Congress enacted the TCPA to curb "abusive telemarketing practices by . . . imposing restrictions on making calls with an 'automatic telephone dialing system.'" *Facebook, Inc. v. Duguid*, 592 U.S. 395, 398 (2021). The TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ["ATDS"] or an artificial or prerecorded voice . . . to any telephone number assigned to . . . a cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The statute defines an ATDS as "equipment which has the capacity . . . to store or produce telephone numbers . . . using a random or sequential number generator . . . [and] to dial such numbers." 47 U.S.C. § 227(a)(1).

To make out a TCPA claim, a plaintiff must demonstrate that: "(1) the defendant [texted] a cellular telephone number; (2) using an automatic telephone dialing system . . . ; (3) without the recipient's prior express consent." *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-00337-M, 2017 WL 10486988, at *2

(N.D. Tex. Nov. 2, 2017) (internal quotation marks and citations omitted). The Supreme Court explained that to meet the statutory definition of an ATDS, equipment may either store or produce numbers to be called, but "must use a random or sequential number generator" to do so. *Duguid*, 592 U.S. at 404. It can be difficult for plaintiffs "to plead facts that support use of an ATDS," but plaintiffs "must [still] provide at least enough facts to make a plausible inference that [a defendant] used an ATDS." *Miles v. LawnStarter, Inc.*, No. A-20-CV-249-RP, 2020 WL 10056080, at *3 (W.D. Tex. Dec. 1, 2020). Because of this difficulty, plaintiffs and courts often rely on indirect allegations regarding the number and nature of the messages. *See Suttles v. Facebook, Inc.*, 461 F. Supp. 3d 479, 487 n.2 (W.D. Tex. 2020).

Plaintiff has failed to plead facts to support the inference that Defendant used an ATDS to send the text messages. Plaintiff alleges that True Accord sent her unsolicited text messages in May and June 2025. ECF 4 ¶¶ 18, 51-52. She alleges the messages were sent to her personal cellular phone via SMS from a short code[6] and that Defendant used an ATDS without human intervention. *Id.* ¶¶ 51, 54. Yet, merely alleging the use of an ATDS "is insufficient to sustain a TCPA claim."

---

[6] Text messages can be sent from a long code (i.e., a 10-digit phone number used by consumers and businesses) or a short code, which is a four-to-six-digit number for sending text messages more commonly used by businesses. *See Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2022 WL 562761, at *1 n.2 (N.D. Tex. Feb. 24, 2022).

*Hunsinger*, 2022 WL 562761, at *3–4 (N.D. Tex. Feb. 24, 2022) (internal quotation marks and citation omitted).  The facts alleged by Plaintiff only plausibly support the inference Defendant did *not* use an ATDS.  Defendant's alleged use of short code is inconclusive.  *See Hunsinger*, 2022 WL 562761, at *5.  Crucially though, Plaintiff alleges the messages contained personalized information (specific debt amounts), making it implausible that Defendant sent them to her using a device that randomly generates the phone numbers to be contacted.  *See Gardner v. Navient, LLC*, No. 3:24-CV-198-S-BN, 2024 WL 3363016, at *4 (N.D. Tex. June 7, 2024) ("[F]rom the facts alleged – that [plaintiff] was contacted concerning a debt that she allegedly owed – the Court may more reasonably infer a preexisting relationship between the parties and that no ATDS . . . was used."), *report and recommendation adopted,* No. 3:24-CV-198-S-BN, 2024 WL 3362475 (N.D. Tex. July 9, 2024); *Suttles*, 461 F. Supp. 3d at 487 ("Allegations of directly targeting specific individuals weigh against an inference that an ATDS was used.").

IV.    **Conclusion and Recommendation.**

For the reasons stated above, the Court RECOMMENDS that TrueAccord's Motion to Dismiss (ECF 8) Plaintiff's §§ 1692g(b), 1692e(2), and 1692d claims be GRANTED.  Furthermore, Defendant's converted motion for summary judgment on Plaintiff's claims for violations of §§ 1692g(a) and 1692e(10) should be GRANTED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on February 19, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge